Stephen R. Winship
(Wyoming State Bar No. 5-2093)
WINSHIP & WINSHIP, P.C.
145 South Durbin Street, Suite 201
Casper, WY 82601
(307) 234-8991
steve@WinshipandWinship.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| STEPHANIE RICHELE TARBETT, | ) | Case No. 25-20067 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| STEPHANIE RICHELE TARBETT, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. No. 25-_____ |
| | ) | |
| v. | ) | |
| | ) | |
| ROCKY MOUNTAIN RECOVERY SYSTEMS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

**COMES NOW** the above-named Debtor ("Plaintiff"), by and through her counsel and for her Complaint against Defendants Rocky Mountain Recovery Systems, states as follows:

1. Plaintiff Stephanie Richele Tarbett is the Debtor in the underlying Chapter 7 Bankruptcy Case filed herein on March 4, 2025

2. Defendant Rocky Mountain Recovery Systems, Inc. is a Wyoming corporation with a business address of 101 Hastings Horseshoe, Powell, Wyoming 82435, and a mailing address of P.O. Box 688, Powell, Wyoming 82435.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue for this adversary proceeding is proper in the United States Bankruptcy Court for the District of Wyoming (the "Bankruptcy Court") in accordance with 28 U.S.C. § 1409.

5. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2) and arises out of and relates to the Bankruptcy Case.

6. After obtaining a judgment in the Circuit Court for the Seventh Judicial District for the State of Wyoming (Case No. CV-2024-1006) against Plaintiff in the approximate amount of $8,000.00, Plaintiff paid to Defendant the total sum of $2,160.00 ("Transfers") between December, 2024 and February, 2025 towards said judgment.

7. On March 4, 2025, (the "Petition Date"), Plaintiff filed her voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned bankruptcy (this "Bankruptcy Case").

8. Defendant and its counsel were listed in the Bankruptcy Case.

9. Randy L. Royal, was the duly appointed Chapter 7 Trustee in the Plaintiff's Bankruptcy Case.

10. On April 1, 2025, the Chapter 7 Trustee, Randy Royal, held the § 341 First Meeting of Creditors, and subsequently declined to administer the bankruptcy estate.

11. On April 4, 2025, demand was made to Defendant for the turnover of said Transfers.

12. Defendant has never responded to Plaintiff's request for the turnover said Transfers to Plaintiff.

13. The Transfers constitute transfers of Plaintiff's interest in property to Defendant.

14. The Transfers were made on or within ninety (90) days of the Petition Date.

15. The Transfers enabled Defendant to receive more value than it would otherwise receive in the Bankruptcy Case if it had not received the Transfers.

16. By reason of the foregoing, the Transfers should be avoided as preferential transfers under § 547(b).

17. Pursuant to §522(h), Plaintiff should recover the Transfers from Defendant.

**WHEREFORE** based on the foregoing, Plaintiff requests relief and remedy against Defendant as follows:

A. On the first cause of action, an appropriate judgment or order avoiding the Transfers made by Debtor to Defendant and allowing Plaintiff to recover the Transfers, or the value thereof from Defendant, plus such additional amounts to be shown at trial; and

B. For such other relief and remedy as deemed appropriate by the Court.

**DATED** this 28th day of May, 2025.

        STEPHANIE RICHELE TARBETT

By:   /s/ Stephen R. Winship
     Stephen R. Winship
     (Wyoming State Bar No. 5-2093)
     WINSHIP & WINSHIP, P.C.
     145 South Durbin Street, Suite 201
     Casper, WY 82601
     (307) 234-8991
     steve@winshipandwinship.com