B2500A (Form B2500A) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of Wyoming

In Re:  Stephanie Richele Tarbett ) Case No: 25-20067
  Debtor(s) ) Chapter: 7
  )
  Stephanie Richele Tarbett )
  Plaintiff )
  )
  v.  Rocky Mountain Recovery Systems )
  ) Adv. Proc. No.: 25-02009
  Defendant )

FILED

1:39 pm, 6/6/25

HJ Esterholdt
Clerk of Court

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall file a motion or answer to the complaint within 35 days.

| Address of Clerk : | United States Bankruptcy Court<br>2120 Capitol Avenue #6004<br>Cheyenne, WY 82001-3633 |
|---|---|
| Telephone number: | 307-433-2200 |

*Payment is made! Funds Returned 6-2-25*

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney: | Stephen R. Winship<br>Winship & Winship, PC<br>145 S. Durbin Street, Ste 201<br>Casper, WY 82601 |
|---|---|

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**



5/28/25
Date

Tim J. Ellis,
*Clerk of Bankruptcy Court*

CERTIFICATE OF SERVICE

I, __**Billie Alexander**_____ (name), certify that service of this summons and a copy of the complaint was made ____**5/29/2025**____ (date) by:

 Mail Service: Regular, first class United States mail, postage fully pre-paid, addressed to:
  **Rocky Mountain Recovery Systems, 101 Hastings Horseshoe, Powell, WY 82435**

 Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

 Residence Service: By leaving the process with the following adult at:

 Certified Mail Service on an Insured Depository Institution: By sending the process by certified mail addressed to the following officer of the defendant at:

 Publication: The defendant was served as follows: [Describe briefly]

 State Law: The defendant was served pursuant to the laws of the State of _____,
as follows: [Describe briefly]               (name of state)

If service was made by personal service, by residence service, or pursuant to state law, I further certify that I am, and at all times during the service of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made.

 Under penalty of perjury, I declare that the foregoing is true and correct.

__5-29-2025__            _/s/ signature_
Date                           Signature

| Print Name : | Billie Alexander | | | | |
|---|---|---|---|---|---|
| Business Address : | 145 South Durbin Street, #201 | | | | |
| City : | Casper | State : | WY | Zip : | 82601 |

Stephen R. Winship
(Wyoming State Bar No. 5-2093)
WINSHIP & WINSHIP, P.C.
145 South Durbin Street, Suite 201
Casper, WY 82601
(307) 234-8991
steve@WinshipandWinship.com

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re: ) | |
| ) | |
| STEPHANIE RICHELE TARBETT, ) | Case No. 25-20067 |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| ) | |
| STEPHANIE RICHELE TARBETT, ) | |
| ) | |
| Plaintiff, ) | Adv. No. 25- 02009 |
| ) | |
| v. ) | |
| ) | |
| ROCKY MOUNTAIN RECOVERY SYSTEMS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

**COMES NOW** the above-named Debtor ("Plaintiff"), by and through her counsel and for her Complaint against Defendants Rocky Mountain Recovery Systems, states as follows:

1. Plaintiff Stephanie Richele Tarbett is the Debtor in the underlying Chapter 7 Bankruptcy Case filed herein on March 4, 2025

2. Defendant Rocky Mountain Recovery Systems, Inc. is a Wyoming corporation with a business address of 101 Hastings Horseshoe, Powell, Wyoming 82435, and a mailing address of P.O. Box 688, Powell, Wyoming 82435.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue for this adversary proceeding is proper in the United States Bankruptcy Court for the District of Wyoming (the "Bankruptcy Court") in accordance with 28 U.S.C. § 1409.

5. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2) and arises out of and relates to the Bankruptcy Case.

6. After obtaining a judgment in the Circuit Court for the Seventh Judicial District for the State of Wyoming (Case No. CV-2024-1006) against Plaintiff in the approximate amount of $8,000.00, Plaintiff paid to Defendant the total sum of $2,160.00 ("Transfers") between December, 2024 and February, 2025 towards said judgment.

7. On March 4, 2025, (the "Petition Date"), Plaintiff filed her voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned bankruptcy (this "Bankruptcy Case").

8. Defendant and its counsel were listed in the Bankruptcy Case.

9. Randy L. Royal, was the duly appointed Chapter 7 Trustee in the Plaintiff's Bankruptcy Case.

10. On April 1, 2025, the Chapter 7 Trustee, Randy Royal, held the § 341 First Meeting of Creditors, and subsequently declined to administer the bankruptcy estate.

11. On April 4, 2025, demand was made to Defendant for the turnover of said Transfers.

12. Defendant has never responded to Plaintiff's request for the turnover said Transfers to Plaintiff.

2 | Page

13. The Transfers constitute transfers of Plaintiff's interest in property to Defendant.

14. The Transfers were made on or within ninety (90) days of the Petition Date.

15. The Transfers enabled Defendant to receive more value than it would otherwise receive in the Bankruptcy Case if it had not received the Transfers.

16. By reason of the foregoing, the Transfers should be avoided as preferential transfers under § 547(b).

17. Pursuant to §522(h), Plaintiff should recover the Transfers from Defendant.

**WHEREFORE** based on the foregoing, Plaintiff requests relief and remedy against Defendant as follows:

  A. On the first cause of action, an appropriate judgment or order avoiding the Transfers made by Debtor to Defendant and allowing Plaintiff to recover the Transfers, or the value thereof from Defendant, plus such additional amounts to be shown at trial; and

  B. For such other relief and remedy as deemed appropriate by the Court.

DATED this 28th day of May, 2025.

                                STEPHANIE RICHELE TARBETT

                                By:   /s/ Stephen R. Winship
                                      Stephen R. Winship
                                      (Wyoming State Bar No. 5-2093)
                                      WINSHIP & WINSHIP, P.C.
                                      145 South Durbin Street, Suite 201
                                      Casper, WY 82601
                                      (307) 234-8991
                                      steve@winshipandwinship.com